**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JOSEFINA RODRIGUEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: |
| v. | ) | |
| | ) | Judge: |
| GFII DVI CARDEL WOOD DALE, LLC | ) | |
| d/b/a COURTYARD MARRIOTT WOOD | ) | **Jury Trial Requested** |
| DALE and DRIFTWOOD HOSPITALITY | ) | |
| MANAGEMENT, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Josefina Rodriguez ("Plaintiff"), through her attorneys, Barlow, Kobata & Denis LLP, for her Complaint against Defendants GFII DVI Cardel Wood Dale, LLC d/b/a Courtyard Marriott Wood Dale and Driftwood Hospitality Management, LLC (herein "Defendants"), states as follows:

## NATURE OF ACTION

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA")*,* the Portal to Portal Act, 29 U.S.C. § 251 *et seq.,* the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), for Defendants' failure to pay wages and overtime wages to Plaintiff, and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.*, for Defendants' failure to pay Plaintiff her wages.

## JURISDICTION AND VENUE

2. Federal jurisdiction arises under the provisions of the FLSA, 29 U.S.C. § 201 *et. seq.*, including §§ 206 and 207, the Portal-to-Portal Act, 29 U.S.C. § 251 *et. seq.*, and 28 U.S.C.

§§ 1331 and 1343. There is supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

3.      Venue lies in the Northern District of Illinois Eastern Division in that the Defendants are engaged in business in this District and Division, and a substantial part of the events giving rise to the claims alleged in this Complaint occurred in this District and Division.

**PARTIES**

4.      Defendants GFII DVI Cardel Wood Dale, LLC d/b/a Courtyard Marriott Wood Dale and Driftwood Hospitality Management, LLC operate the Courtyard by Marriott located at 900 N. Wood Dale Road in Wood Dale, Illinois.

5.      At all pertinent times Defendants have continuously been and are "employer[s] in an industry affecting commerce" within the meaning of the FLSA, 29 U.S.C. § 201 *et seq.*

6.      The Plaintiff is a resident of Melrose Park, Illinois, and was employed by Defendants in this District and Division between October 12, 2015 and June 25, 2017 as an Executive Housekeeper.

7.      During her employment, Plaintiff was paid on an hourly basis and performed non-exempt work including driving a shuttle bus, cleaning hotel rooms, and washing and folding laundry. Since at least March 2017, Plaintiff performed all of the job duties of a housekeeper and was assigned rooms to clean.

8.      During the course of her employment, Plaintiff was an "employee" as defined by the FLSA, 29 U.S.C. §201, *et seq.* and the IMWL, 820 ILCS 105/1 *et seq.*

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

**FACTUAL ALLEGATIONS**

9.      Paragraphs 1-8 are re-alleged and incorporated as though set forth fully herein.

10. At all pertinent times to this cause of action, Plaintiff was employed by and worked for Defendants, said employment being integral and indispensable to Defendants' business.

11. During the course of her employment by Defendants, the Plaintiff was not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. §207.

12. Plaintiff has signed a Consent to Become a Party Plaintiff under the FLSA, a copy of which is attached hereto as Exhibit A.

13. During her employment, Plaintiff regularly worked hours in excess of forty hours in a single work week.

14. On the occasions when Plaintiff worked more than 40 hours in a single work week, she was not paid for those hours. Plaintiff was only paid for 40 hours at her hourly rate of $16.34 per hour.

15. Pursuant to the FLSA, 29 U.S.C. § 201 *et. seq.,* and the Portal-to-Portal Act 29 U.S.C. § 251 *et. seq.*, Plaintiff was entitled to compensation at a rate not less than one and one-half times her regular rate of pay for all hours worked in excess of forty (40) hours, in any week, during the two (2) years preceding the filing of this Complaint.

16. Defendants' failure to pay Plaintiff at a rate of one and one-half times her regular rate of pay for all hours worked over forty (40) in a work week is a violation of the FLSA.

17. Plaintiff complained to Defendants' General Manager, Jenna Lenz, about Defendants' unlawful failure to pay her and other housekeepers overtime wages for all hours worked.

18. After Plaintiff complained to Defendants about Defendants' unlawful failure to pay her and other housekeepers overtime wages for all hours worked, Defendants retaliatorily terminated Plaintiff.

19. Plaintiff's termination was in retaliation for her complaints to Defendants and violated Section 15(a)(3) of the FLSA.

WHEREFORE Plaintiff respectfully requests this Court to enter an order as follows:

A. the Court determine the rights of the parties and direct the Defendants to pay for all hours worked and wages paid to the Plaintiff;

B. awarding a judgment equal to the amount of all unpaid wages and overtime compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

C. awarding Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the FLSA; and

D. for such other, additional, and further relief as the Court deems appropriate under the circumstances.

## COUNT II
## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

20. Paragraphs 1-19 are re-alleged and incorporated as though set forth fully herein.

21. Defendants have willfully misclassified and/or failed to pay the Plaintiff for all hours worked, despite the fact that Defendants knew, or should have known, of the requirements of the FLSA.

22. Defendants knew that Plaintiff worked more than forty (40) hours in a week because Defendants' managers required Plaintiff to work those hours.

23.     Defendants' failure to pay Plaintiff a minimum wage for all hours worked in excess of forty (40) hours per week at a rate equal to one-half times his regular rate of pay, was a deliberate, intentional, and willful violation of the FLSA.

24.     Pursuant to the FLSA, Plaintiff is entitled to compensation at a rate of not less than one and one-half times her regular rates of pay for all the hours worked in excess of forty (40) in any given week during the three (3) years preceding the filing of this Complaint.

WHEREFORE, Plaintiff respectfully requests this Court to enter an order as follows:

A.      awarding a judgment equal to the amount of all unpaid wages and overtime compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

B.      awarding prejudgment interest with respect to the total amount of unpaid overtime compensation;

C.      awarding Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendant's violation of the FLSA; and

D.      for such other, additional, and further relief as the Court deems appropriate under the circumstances.

## COUNT III
## LIQUIDATED DAMAGES

25.     Paragraphs 1-24 are re-alleged and incorporated as though set forth fully herein.

26.     In denying Plaintiff compensation at a rate of one and one-half times her regular rate for all hours worked over forty (40) in a workweek, Defendants' acts were not based upon good faith or reasonable grounds.

27.     The Plaintiff is entitled to liquidated damages equal to the amount of unpaid wages and overtime compensation, pursuant to 29 U.S.C. § 216.

WHEREFORE, Plaintiff respectfully requests this Court to enter an order as follows:

A.    awarding liquidated damages equal to the amount of all unpaid wages and overtime compensation;

B.    awarding Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the FLSA; and

C.    for such other, additional, and further relief as the Court deems appropriate under the circumstances.

**COUNT IV**
**SUPPLEMENTAL STATE COURT CLAIM**
**ILLINOIS MINIMUM WAGE LAW, 820 ILCS SECTION 105 *et. seq.***

28.    Paragraphs 1-27 are re-alleged and incorporated as though set forth fully herein.

29.    There exists a statute called the Illinois Minimum Wage Law, 820 ILCS § 105 *et. seq.*, which requires employers to pay to employees a minimum wage for all hours and a wage for hours worked over forty (40) in a workweek at a rate of not less than one and one-half times the employee's regular hourly rate.

30.    At all relevant times herein, Defendants were employers as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and Plaintiff was an employee within the meaning of that Act.

31.    Defendants violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff for all hours worked and at one and one-half times her hourly rate of pay for all hours worked in excess of forty (40) hours per week.

32.    Defendants failed and refused to pay Plaintiff overtime pay for hours worked in excess of forty (40) hours in a single work week.

33. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of under payments.

34. The aforementioned Illinois statute provides for a statute of limitations of three years from the date of the underpayment of the wage, without qualification.

35. The aforementioned Illinois statute also provides for Plaintiff to recover the amount of the wage underpayment as well as costs and reasonable attorneys' fees as may be allowed by the Court.

36. Defendants' failure to pay Plaintiff for all hours worked and time and one-half for all hours worked in excess of forty (40) hours in a workweek is a violation of the Illinois Minimum Wage Law.

WHEREFORE, Plaintiff respectfully requests this Court to enter an order as follows:

A.     a judgment in the amount of all unpaid wages and overtime compensation for the three (3) years preceding the filing of this Complaint;

B.     punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C.     awarding prejudgment interest on the unpaid overtime wages in accordance with 815 ILCS 205/2;

D.     awarding Plaintiff's reasonable attorney's fees and costs incurred as a result of Defendants' violation of that Act;

E.     that the Court determine the rights of the parties and direct the Defendants to pay for all hours worked and wages paid to Plaintiff during the relevant time period; and

F.      for such other, additional, and further relief as the Court deems appropriate under the circumstances.

## COUNT V
## SUPPLEMENTAL STATE COURT CLAIM
## ILLINOIS WAGE PAYMENT AND COLLECTION ACT
## 820 ILCS SECTION 115-1 *et. seq.*

37.     Paragraphs 1-7 are re-alleged and incorporated as though set forth fully herein.

38.     At all relevant times herein, Defendants were employers as defined in the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.*, (herein "IWPCA") and Plaintiff was an employee within the meaning of that Act.

39.     Defendants promised to pay Plaintiff a wage of $16.34 per hour for all hours she worked for Defendants.

40.     Defendants have failed, neglected or refused to pay Plaintiff for all of her wages earned pursuant to 820 ILCS 115/4; and as a direct and proximate result thereof, Plaintiff has been damaged.

41.     Defendants violated the IWPCA by willfully refusing to pay Plaintiff her wages of $16.34 per hour for all hours she worked on June 24-25, 2017.

42.     Illinois' five-year statute of limitations 735 Ill. Comp. Stat. Ann. 5/13-205 (2000) applies to Illinois Wage Payment and Collection Act claims.

43.     Plaintiff is entitled to recover her attorneys' fees and costs under the Illinois Attorney's Fees in Wage Actions Act, 705 ILCS 225/1 *et seq.*

WHEREFORE, Plaintiff respectfully request this Court to enter an order as follows:

A.      A judgment in the amount of all back wages due as provided by the Illinois Wage Payment and Collection Act;

B.   Prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in the IWPCA;

C.   Reasonable attorneys' fees and costs incurred in filing this action pursuant to 820 ILCS 115/1; and

D.   Such other and further relief as this Court deems appropriate and just.

## JURY TRIAL DEMAND

A jury trial is demanded on all counts which are triable by a jury.

Dated: September 21, 2017

_____*s/ Marty Denis*_____
Marty Denis
Bethany Hilbert
Barlow, Kobata & Denis LLP
525 West Monroe, Suite 2360
Chicago, Illinois 60661
(312) 648-5570

*Attorneys for Plaintiff*