## CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement"), is made between GFII DVI Cardel Wood Dale, LLC d/b/a Courtyard Marriott Wood Dale and Driftwood Hospitality Management, LLC (collectively, "Defendants"), Josefina Rodriguez and Angelina Rubio ("Plaintiffs"). IT IS HEREBY MUTUALLY AGREED BETWEEN THE PARTIES AS FOLLOWS:

WHEREAS an September 21, 2017, Plaintiff Rodriguez filed a complaint known as *Josefina Rodriguez v. GFII DVI Cardel Wood Dale, LLC d/b/a Courtyard Marriott Wood Dale and Driftwood Hospitality Management, LLC.,* Case No. 17-cv-06832, in the United States District Court for the Northern District of Illinois Eastern Division in connection with her employment with Defendants GFII DVI Cardel Wood Dale, LLC d/b/a Courtyard Marriott Wood Dale and Driftwood Hospitality Management, LLC (the "Litigation"), which was subsequently joined by Rubio. The Litigation alleges that Defendants have failed to pay Plaintiffs due wages in violation of the Fair Labor Standards Act and the Illinois Minimum Wage Law. Rodriguez amended her complaint on November 7, 2017.

WHEREAS, on or about August 17, 2017 Rodriguez filed a charge of discrimination with the Equal Employment Opportunity Commission and Illinois Department of Human Rights alleging retaliation ("Charge").

WHEREAS the parties have conducted certain discovery in this Litigation, have exchanged information; and Plaintiffs and their lawyers have concluded that, in light of the totality of the circumstances, it is in Plaintiff's best interests to resolve their claims.

WHEREAS, the Company denies the allegations in the Lawsuit and further denies that it has any liability to Employee of any kind.

THEREFORE, Plaintiffs and Defendants (collectively, the "Parties") have now agreed to settle the Litigation as follows:

1. <u>Dismissal of the Litigation and Charge</u>. Plaintiffs will voluntarily dismiss the Litigation with prejudice and file a voluntary withdrawal of the Charge and any other pending action within 15 business days of the Court's approval of the settlement and receipt of the Settlement Amount (defined in Paragraph 2, below). Except for as provided in Paragraph 2, each party will bear her or its own costs and attorney's fees.

2. <u>Settlement Amount</u>. In consideration for the promises Plaintiffs are making in this Agreement, including dismissal of the Litigation, Defendants agree to pay Plaintiffs and their attorneys at Barlow, Kobata & Denis LLP the total gross sum of $16,000 (sixteen thousand dollars) (the "Settlement Amount") within seven (7) business days of the date of the Court's approval of this executed Agreement. Plaintiffs acknowledge and agree that they would not be entitled to receive the Settlement Amount if they did not make the promises that they are making in this Agreement. The Settlement Amount, at Plaintiffs' request, shall be allocated as follows:

1

    a) <u>Payment to Rodriguez</u>. Defendants will issue to Plaintiff Rodriguez one check payable to her in the amount of $5,500 less applicable withholdings, as taxable W-2 wages in full and complete satisfaction of any claim to unpaid wages, liquidated damages, and statutory penalties. Defendants will deliver Rodriguez' check to her attorney at Barlow, Kobata & Denis LLP, 525 West Monroe, Suite 2360, Chicago, Illinois 60661.

    b) <u>Payment to Rubio</u>. Defendants will issue to Plaintiff Rubio one check payable to her in the amount of $400 less applicable withholdings, as taxable W-2 wages in full and complete satisfaction of any claim to unpaid wages, liquidated damages, and statutory penalties. Defendants will deliver Rubio's check to her attorney at Barlow, Kobata & Denis LLP, 525 West Monroe, Suite 2360, Chicago, Illinois 60661.

    c) <u>Payment of Attorney Fees and Costs</u>. Defendants will issue and deliver to Barlow, Kobata & Denis LLP, 525 West Monroe, Suite 2360, Chicago, Illinois 60661, a check in the amount of $10,100 which is intended to cover attorneys' fees of $9,700 and costs of $400 associated with the Litigation and expended by that firm in pursuing the Litigation. Barlow, Kobata & Denis LLP will be solely responsible for paying any amounts due to any governmental taxing authority as a result of the payment of the Settlement Amount as described in Paragraph 2(c).

  3. <u>Court Approval Of Settlement</u>. The Parties will present this Agreement to the Court under seal seeking its approval following the Effective Date of this Agreement. If the Court refuses to approve the settlement contained in this Agreement, this Agreement and all terms contained herein are null and void. If this Agreement is not approved and thus rendered null and void, neither the Agreement's existence, the terms contained herein, or any information contained in the Motion for Approval shall be used by any Party for any purpose, either in the pending Litigation or otherwise. Consistent with the confidentiality obligations outlined in Paragraph 7, the Parties agree to submit the settlement for approval *in camera* to the Court. If the Court nevertheless places the settlement on the record, the Parties agree to take all measures possible to preserve the confidentiality of the Agreement and its terms.

  4. <u>Full Release of Claims</u>.

    a) <u>Specific Release</u>. It is the desire and intention of the Parties that this Agreement shall, for Plaintiffs, fully, finally, and forever settle, compromise, and discharge the disputes and claims that Plaintiffs raised in the Litigation or Charge and/or that relate to the same facts alleged in the Litigation or Charge, including, but not limited to, claims for unpaid wages and/or overtime pay, or any other wage related damages or any other relief pursuant to federal, state, or local wage & hour statutes, including, but not limited to, the Fair Labor Standards Act, the Illinois Minimum Wage Law, the Illinois Wage Payment and Collection Act, as well as any claims arising under Illinois state law regarding rescission of contract, conversion, unjust enrichment or quantum meruit, and discrimination or retaliation under any local, state, or federal anti-discrimination law.

    b) <u>General Release</u>. Each Plaintiff, on behalf of herself, her heirs, executors, administrators, successors, and assigns voluntarily releases Defendants and their parent,

affiliates, subsidiaries, divisions, insurers, successors, assigns, and current and former employees, attorneys, officers, directors and agents (collectively, the "Released Parties"), from any and all claims, known and unknown, that Plaintiff has or may have against the Released Parties as of the date of execution of the Agreement, including all claims in any way connected with Plaintiff's employment with or termination by Defendants GFII DVI Cardel Wood Dale, LLC d/b/a Courtyard Marriott Wood Dale and Driftwood Hospitality Management, LLC, including the claims in the Litigation, together with all other claims, lawsuits or demands of any kind which Plaintiff has made or could make, whether known or unknown, through the date of this Agreement. The claims released by this Agreement include, but are not limited to, claims of tort, breach of contract, retaliation, non-compliance with award or judgment, payment of accrued vacation or other benefits, leave, harassment, public policy, discrimination on the basis of age, sex, race, national origin, disability or religion, or for attorney's fees. Plaintiff, on behalf of Plaintiff, her heirs, executors, administrators, successors, and assigns, promises and agrees that no lawsuit will be filed based on any claims released by this Agreement.

If any claim is not subject to release, to the extent permitted by law, Plaintiff waives any right or ability to be a class or collective action representative and shall not be entitled to recover any individual monetary relief or other remedies in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which the Defendants or any other of the Released Parties is a party.

c) <u>Waiver of Age Discrimination/Retaliation Claims and Revocation</u>. As to the waiver of any and all potential age discrimination and/or retaliation claims under the Age Discrimination in Employment Act ("ADEA"), Each Plaintiff further understands and acknowledges that she has seven (7) days following the execution of this Agreement to revoke the Agreement to waive potential age discrimination and/or retaliation claims under the ADEA. Each Plaintiff acknowledges that the portion of the Agreement that waives such potential age discrimination and/or retaliation claims shall not become effective or enforceable until the revocation period has expired and she has not exercised her right to revoke.

If both Plaintiffs do not revoke, the Effective Date of this Agreement shall be the eighth calendar day after the parties fully execute this Agreement. If either Plaintiff revokes, Plaintiffs both understand and acknowledge that they will forfeit the consideration described in Paragraph 2. If either Plaintiff revokes this agreement, the entire agreement shall be deemed null and void.

Each Plaintiff further understands that in order to revoke the waiver of age discrimination and/or retaliation claims under the ADEA contained in the Agreement, she must deliver a written and signed statement of revocation to Alejandro Caffarelli, 224 South Michigan Avenue, Suite 300, Chicago, Illinois 60604. Each Plaintiff agrees to keep written documentation proving that she revoked this Agreement as provided in this Paragraph, either by keeping the documents signed by a representative of Caffarelli & Associates Ltd. attesting to the delivery of the revocation, or other verification that the revocation was, in fact, received by Caffarelli & Associates Ltd.. If such revocation is

made, this release shall become null and void and no monies or consideration will be paid hereunder.

    d) <u>Exceptions</u>. Nothing in this Agreement shall be construed to prohibit either Plaintiff from filing a charge with or participating in any investigation or proceeding conducted by the EEOC or any state or local agency charged with the enforcement of employment laws. Notwithstanding the foregoing, each Plaintiff agrees that she waives her right to recover monetary damages based upon claims asserted in any such charge, complaint or lawsuit filed by her or by anyone else on her behalf. Further, each Plaintiff is not waiving any right or claim that comes into being after the date this Agreement is executed, or any other claims that cannot be waived or released as a matter of law.

    5.    <u>Covenant Not To Sue</u>. Each Plaintiff agrees not to encourage, initiate, participate in or assist in any way in any individual, class or collective lawsuit against the Released Parties for any claims that arose as of the Effective Date of this Agreement, unless compelled to do so by law or legal process.

    6.    <u>Affirmations by Plaintiff</u>. Each Plaintiff affirms that she has been paid and/or has received all compensation, wages, bonuses, commissions, benefits any other monies due and owing to Plaintiff resulting from her employment with Defendants GFII DVI Cardel Wood Dale, LLC d/b/a Courtyard Marriott Wood Dale and Driftwood Hospitality Management, LLC. Each Plaintiff also affirms that all of Defendants' decisions regarding Plaintiff's pay and benefits through the date of Plaintiff's execution of this Agreement were not discriminatory based on age, disability, race, color, sex, religion, national origin or any other classification protected by law.

Each Plaintiff also affirms that she has been granted any leave to which she was entitled under the Family and Medical Leave Act or related state or local leave or disability accommodation laws. Each Plaintiff further affirms that Plaintiff has no known workplace injuries or occupational diseases occasioned by her employment with Defendants GFII DVI Cardel Wood Dale, LLC d/b/a Courtyard Marriott Wood Dale and Driftwood Hospitality Management, LLC.

Each Plaintiff further affirms that she has not been retaliated against for reporting any allegations of financial wrongdoing by Defendants or their officers, including any allegations of corporate fraud.

    7.    <u>Confidentiality and Non-Disparagement by Plaintiff</u>. Each Plaintiff agrees that, unless she is compelled to do so by law, she will not disclose to any other person any information regarding the existence or substance of this Agreement, except that she may discuss the terms of this Agreement with her spouse, tax advisor, or an attorney with whom Plaintiff chooses to consult regarding her consideration of this Agreement, provided that any such individual agrees to keep that information strictly confidential and disclose it to no other person. Each Plaintiff affirms that she has not made any prior disclosures that, if made after signing this Agreement, would have violated this obligation of confidentiality. Each Plaintiff further agrees that she will not initiate or participate in any discussion or communication concerning or relating to the Agreement, and/or the Litigation. If, and only if, another person asks Plaintiff about her Litigation against Defendants, her response shall be limited to the following statement: "The

4

matter has been dismissed." Each Plaintiff may disclose information regarding the existence or substance of this Agreement pursuant to a subpoena served by a government agency acting in its official capacity.

In addition, Each Plaintiff agrees not to disparage or say or write negative things about Defendants, their officers, directors, agents, or employees. Each Plaintiff also agrees not to initiate or participate in any discussion or communication that reflects negatively on Defendants, its officers, directors, agents, or employees. Each Plaintiff understands that the confidentiality of this Agreement and this non-disparagement provision are important parts of the consideration she is giving to Defendant in this Agreement.

8. <u>No Admission of Liability</u>. This Agreement is not an admission by Defendants of any liability whatsoever or that they have acted improperly or unlawfully in any way.

9. <u>No Further Employment</u>. Plaintiff permanently, unequivocally, and unconditionally waives any and all rights Plaintiff may now have, may have had in the past, or may have in the future to obtain or resume employment with Defendants. In the event that Plaintiff is ever mistakenly employed by Defendants, Plaintiff agrees to have her employment terminated with no resulting claim or cause of action against Defendants.

10. <u>Time to Negotiate and Consult with Attorney</u>. In addition to having the opportunity to negotiate this Agreement, before signing it, each Plaintiff has been advised to consult with an attorney to obtain advice about her rights and obligations under this Agreement. Each Plaintiff represents that she has carefully read this Agreement and finds that it has been written in language that she understands. Each Plaintiff has been given 21 days to consider whether to accept this Agreement, and has signed it only after reading, considering and understanding it. If Plaintiff signs this Agreement before the expiration of that 21-day period, she is expressly waiving her right to consider the Agreement for any remaining portion of that 21-day period. The Parties agree that any changes made to this Agreement from the version originally presented to Plaintiff, whether those changes are deemed material or non-material, do not extend the 21-day period Plaintiff has been given to consider this Agreement.

11. <u>Reservation of Rights</u>. Each Plaintiff agrees that nothing in this Agreement will prevent Plaintiff from exercising rights under Section 7 of the National Labor Relations Act, or from filing a charge or complaint with, reporting possible violations of any law or regulation, making disclosures to, and/or participating in any investigation or proceeding conducted by, the National Labor Relations Board, the Equal Employment Opportunity Commission, the Department of Labor, the Securities and Exchange Commission, and/or any governmental authority charged with the enforcement of any laws, provided that by signing this release Plaintiff is waiving rights to any individual relief based on claims asserted in such a charge or complaint, or asserted by any third-party on Plaintiff's behalf, except where such a waiver of individual relief is prohibited by law.

12. <u>Complete Agreement</u>. This Agreement contains the complete understanding between the parties about its subject matter, and no other promises or agreements shall be binding unless signed by all affected parties. In signing this Agreement, the parties are not relying on any fact, statement or assumption not set forth in this Agreement.

EACH PARTY HAS CAREFULLY READ THIS AGREEMENT, FULLY UNDERSTANDS THIS AGREEMENT, AND SIGNS IT AS THE PARTY'S OWN FREE ACT.

JOSEFINA RODRIGUEZ:

FOR GFII DVI CARDEL WOOD DALE, LLC
d/b/a COURTYARD MARRIOTT WOOD DALE

*Josefina Rodriguez*
Dated: 3/07/2018

*[signature]*
Dated: 3/6/18

ANGELINA RUBIO

FOR DRIFTWOOD HOSPITALITY MANAGEMENT, LLC

*Angelina Rubio*
Dated: 3-07-18

*[signature]*
Dated: 3/6/18